1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9   DONALD RAY LOYD,                    )        2:05-cv-00117-RCJ-(RJJ)
                                        )
                Plaintiff,              )
10                                      )
        v.                              )             **ORDER**
11                                      )
    CLARK COUNTY DETENTION CENTER       )
12  and PRISON HEALTH SERVICES, INC.    )
                                        )
13              Defendants.             )
    _____ )

14

15          This matter comes before the Court on Defendants Prison Health Services, Inc. and

16  Clark County Detention Center's Motion to Dismiss.[1]  (#26.)  The Court has considered the

17  Motion, the pleadings on file, and oral arguments on behalf of the parties.  IT IS HEREBY

18  ORDERED that Defendants' Motion to Dismiss is *granted*.

19                              **BACKGROUND**

20          Plaintiff Donald Ray Loyd ("Plaintiff") filed a civil rights complaint pursuant to 42

21  U.S.C. § 1983 alleging that Prison Health Services ("PHS") violated his right to be free from

22  cruel and unusual punishment.  Specifically, Plaintiff alleges that PHS and the Clark County

23  _____

24          [1]Defendant Prison Health Services, Inc. filed its motion to dismiss and Defendant Clark County
    Detention Center filed a partial joinder to that motion inasmuch as it relates to Prison Health Services,
25  Inc.'s argument to dismiss for failure to exhaust administrative remedies.

Detention Center ("CCDC") committed "deliberate indifference" by withholding from Plaintiff his medications for diabetes, hypertension, and bipolar disorder. Plaintiff claims that the nurses and doctors at the CCDC provided him with the wrong medication. As a result, Plaintiff seeks "compensatory damages for deterioration of his health, being put at risk of a premature death, risk of heart attack, risk of a stroke, mental distress, possibly kidney failure and amputations." (#14.) Although Plaintiff does not mention any specific damages suffered in his Amended Complaint, he claims in his opposition that he recently had a toe amputated, but Plaintiff does not state when this amputation occurred or if it happened as a result of PHS's and CCDC's actions.

**DISCUSSION**

Defendant PHS has filed a motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), and 42 U.S.C. § 1997e. CCDC has filed a timely notice of partial joinder to PHS's motion to dismiss.

**I.     Subject Matter Jurisdiction**

PHS asks the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Plaintiff has failed to exhaust available administrative remedies as mandated under 42 U.S.C. § 1997e. However, in the Ninth Circuit, the failure to exhaust administrative remedies under 42 U.S.C.S. § 1997e does not deprive this Court of subject matter jurisdiction over the suit. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (2003); *see also Ornelas v. Angulo*, 358 F. Supp. 2d 955, 967 (S.D. Cal. 2004). Accordingly, the Court does not dismiss Plaintiff's case because it lacks subject matter

jurisdiction; however, as noted below, the Court nevertheless dismisses Plaintiff's claims for failure to exhaust administrative remedies and for failure to state a claim.

## II.    Failure to Exhaust Administrative Remedies

As amended, 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Thus, the Ninth Circuit has consistently held that a prisoner must first exhaust available administrative remedies before bringing his action. *See, e.g., Vaden v. Summerhill*, 449 F.3d 1047,1050 (9th Cir. 2006). The Supreme Court also held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Therefore, inmates seeking money damages must also completely exhaust their administrative remedies. *Id.* (stating that inmates seeking money damages are required to exhaust administrative remedies even where the grievance process does not permit awards of money damages). This exhaustion requirement applies in all inmate suits regarding prison life. *Porter v. Nussle*, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." *Ngo v. Woodford*, 126 S.Ct. 2378, 2384 (2006). In addition, the Ninth Circuit has held that for purposes of 42 U.S.C. § 1997e(a), a prisoner brings an action when he or she first submits it to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Accordingly, "the prisoner must have entirely exhausted administrative remedies by this point." *Id.*

Although Plaintiff filed his Amended Complaint since his release from prison, in January 2005, he initially submitted his Complaint and case to this Court while incarcerated.[2] Therefore, he must have exhausted his administrative remedies by that time.  PHS argues that Plaintiff failed to exhaust the available administrative remedies before submitting his case to this Court.  Plaintiff has not presented any evidence that he complied with the administrative grievance process, which PHS has attached to its Motion to Dismiss.  Indeed, Plaintiff admits that he failed to exhaust his administrative remedies.  On his Complaint, Plaintiff answers no to the following question: "Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted your available administrative grievance procedures?"  (#5, 8.)  As with all prisoners, Plaintiff was aware, and had a copy, of the grievance procedures.  PHS and CCDC (in joinder) present more than sufficient evidence that Plaintiff failed to exhaust his administrative remedies before he initially filed suit with this Court.  Accordingly, the Court dismisses Plaintiff's case for failure to exhaust his administrative remedies.

III.    **Failure to State a Claim**

Although the Court dismisses Plaintiff's claim for failure to exhaust administrative remedies, the Ninth Circuit has held that failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e does not strip the Court of subject matter jurisdiction.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (2003).  Accordingly, the Court also addresses Defendant PSH's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

---

[2]Plaintiff's Amended Complaint does not state new causes of action that differ from his original Complaint.

1

2        **A.      Rule 12(b)(6) Standard**

3              Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate

4    if the plaintiff "fail[s] to state a claim upon which relief can be granted."  Dismissal for failure

5    to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can

6    prove no set of facts in support of the claim that would entitle the plaintiff to relief.

7    *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).  The review is

8    limited to the complaint, and all allegations of material fact are taken as true and viewed in the

9    light most favorable to the plaintiff.  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir.

10   1996).  Although courts assume the factual allegations to be true, courts should not "assume

11   the truth of legal conclusions merely because they are cast in the form of factual allegations."

12   *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

13

14              On a motion to dismiss, the court "presumes that general allegations embrace those

15   specific facts that are necessary to support the claim."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S.

16   871, 889 (1990).  However, conclusory allegations and unwarranted inferences are insufficient

17   to defeat a motion to dismiss under Rule 12(b)(6).  *In re Stac Elecs.*, 89 F.3d at 1403.   If

18   either party submits materials outside of the pleadings in support or in opposition to the

19   motion to dismiss, and the district court relies on these materials, the motion may be treated as

20   one for summary judgment.  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

21

22

23

24

25                                      Page 5 of  7

B.      Defendant PSH's  Motion

Plaintiff alleges that PHS violated his Eighth Amendment rights through withholding medication.  The Supreme Court has held that only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg* v. *Georgia*, 428 U.S. 153, 173 (1976)).  A prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs.  *Wilson*, 501 U.S. at 297 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "It is only such indifference" that can violate the Eighth Amendment; allegations of "inadvertent failure to provide adequate medical care," or of a "negligent . . . diagnosis" simply fail to establish the requisite culpable state of mind."  *Id.* (internal citations omitted).

Plaintiff has failed to allege the requisite "deliberate indifference."  In his Complaint, Plaintiff notes that several doctors and nurses gave him medication.  Plaintiff claims that the medical staff provided him with the wrong medication, and thus implies that the Court should then make the conclusion that this alleged mishap somehow amounts to "unnecessary and wanton infliction of pain."  *See Id.*  In addition, in his Complaint, Plaintiff fails to allege any injuries he sustained as a result.  Plaintiff's Complaint simply alludes to general "risks" and "potential" harm he could have suffered.  In his opposition, Plaintiff claims that he recently had a toe amputated but fails to state when this amputation occurred or if it happened as a result of PHS's and CCDC's actions.  In addition, Plaintiff filed his opposition over twenty days late.  Plaintiff has offered no explanation as to why he failed to file a timely opposition.  Pursuant to Local Rule 7-2(d), the Court may treat this untimely filing as consent to granting PHS's motion.  Because Plaintiff has failed to present evidence concerning the medical staff's

Page 6 of  7

willful and deliberate intentions to inflict upon Plaintiff serious pain, even if Plaintiff could

establish a valid injury, he could at best demonstrate that PHS was negligent.

Plaintiff has failed to allege sufficient facts that PHS's medical staff acted deliberately

to the level of a "wanton infliction of pain."  Moreover, Plaintiff has failed to allege sufficient

injury.  Therefore, the Court dismisses Plaintiff's claims pursuant to Rule 12(b)(6).

## CONCLUSION

Plaintiff failed to exhaust his administrative remedies before submitting his Complaint

to this Court.   In addition, even if Plaintiff had exhausted his administrative remedies, he has

failed to state a claim upon which this Court could grant relief.  Accordingly, IT IS HEREBY

ORDERED that Defendants' Motion to Dismiss (#26) is *granted*.


DATED this 19th day of December, 2006.


_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE